# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:12CR00030 |
| v.  ) | **OPINION** |
| ) | |
| **PARNELL L. MOORE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Heather L. Carlton*, Assistant United States Attorney, Charlottesville, Virginia, for United States; *Christine Madeleine Lee*, Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.

The defendant by counsel has filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255. The motion challenges the validity of the defendant's guilty plea to 18 U.S.C. § 922(g)(1), arguing that he was not informed of the true nature of the charge, in light of the subsequent decision of the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The United States has filed a motion to dismiss. For the reasons stated, I will grant the government's motion and dismiss the § 2255 motion.

I.

Defendant Parnell L. Moore pled guilty, without a plea agreement, to a Superseding Indictment charging him with three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts One, Four, and Five), three

counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Two, Six, and Eight), and two counts of using and carrying a firearm during a drug trafficking crime and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Three and Seven). The court sentenced Moore on July 26, 2013, to a term of 420 months of imprisonment consisting of 60 months Counts One, Two, Four, Five, Six, and Eight, to run concurrently, and 60 months on Count 3 and 300 months on Count Seven, to run consecutively to each other and all other counts. Moore's direct appeal was unsuccessful. *United States v. Moore*, 553 F. App'x 335, 336 (4th Cir. 2014) (unpublished).

The government alleged that Moore sold two handguns, a shotgun, and crack cocaine to a confidential informant in a series of controlled purchases. Moore had previously been convicted of two felony offenses in Virginia state court. He had been sentenced to five years imprisonment with four years suspended for possessing cocaine and four years imprisonment with three years and four months suspended for assaulting a law enforcement officer. Presentence Investigation Report 7–9, ECF No. 56.

In *Rehaif,* the Court held that to be convicted under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm.*"

139 S. Ct. at 2200 (emphasis added). Moore was not so advised before he pleaded guilty.

The government does not contest that *Rehaif* applies retroactively to collateral review, Gov't Opp'n Def.'s Pet. 5–6, ECF No. 78,[1] but it asserts that Moore has procedurally defaulted the claim by failing to raise it before his conviction became final. *See Bousley v. United States,* 523 U.S. 614, 621–22 (1998).[2]

II.

Where a defendant has procedurally defaulted a claim, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice." *Id.* at 622. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citation omitted). A novel claim is one that was "not reasonably available to counsel" but the Supreme Court later accepted it, and in doing so overturned "a longstanding and widespread practice to which [the Supreme] Court

---

[1] Several circuits have held to the contrary in the context of applications for successive 2255 motions. *Tate v. United* States, 982 F.3d 1226, 1227 (9th Cir. 2020); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). The Fourth Circuit has not yet ruled on the issue.

[2] The government also contends that the § 2255 motion is defective because it is not "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing Section 2255 Proceedings 2(b)(5). However, since the facts are undisputed matters of record, I find that this requirement may be excused.

has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 16, 17 (1984) (internal quotation marks and citation omitted).

The Fourth Circuit has not decided whether *Rehaif* claims are novel. District courts within the Fourth Circuit have disagreed on the issue.[3] I need not determine whether Moore's *Rehaif* claim is novel and cause for a procedural default because the motion has failed to show that Moore suffered actual prejudice in any event.

"To show actual prejudice," the defendant must show that "the error worked to his actual and substantial disadvantage." *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (internal quotation marks and citations omitted). Absent showing that an error had a "substantial and injurious effect" on the defendant's conviction, the error will be harmless and not warrant relief. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (internal quotation marks and citations omitted).

Moore has not shown actual prejudice because he has not demonstrated how the failure to communicate § 922(g)'s knowledge requirement worked to his substantial disadvantage. The motion does not contend that Moore was unaware that he had been convicted of a felony, or that he would have pleaded not guilty if

---

[3] *Compare Jones v. United States*, No. 1:16-cr-94-MOC-DLH-1, 2020 WL 7318140, at *6 (W.D.N.C. Dec. 11, 2020) (concluding that *Rehaif* claims were not novel) *with Merritt v. United States*, Case No. 4:10-CR-54, 2020 WL 6568315, at *5 (E.D. Va. Nov. 9, 2020) (concluding that *Rehaif* claim was novel and provided cause for a procedural default but denying § 2255 motion because defendant did not show prejudice).

informed that the government would have to prove he had knowledge of his status. The record contains substantial evidence that Moore knew he was a felon prohibited from possessing a firearm. Moore had been sentenced to prison for cocaine possession and for assaulting a police officer. Moreover, a Virginia probation document bearing what appears to be Moore's signature informed the signor that a felon loses "the right to use, own, possess, transport, or carry a firearm," and "[t]his is a permanent right you have lost since you have been convicted of a felony." Gov't Mot. Expand R. Ex. 1 at 3, ECF No. 77-1. Moore was unaware when he pleaded guilty that the government would have to prove that he knew he was a felon, but the government likely would have met this burden at trial. Thus, the omission did not substantially disadvantage Moore. In other words, the failure to instruct Moore of § 922(g)'s knowledge requirement was harmless. The motion does not show that this alleged error induced Moore to plead guilty, that Moore would have entered a plea of not guilty if informed, or that an outcome other than a conviction would have resulted at trial.

Nor has Moore demonstrated actual innocence. The standard for actual innocence requires a defendant to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. "Actual innocence means factual innocence, not mere legal sufficiency" for a defense or acquittal. *Id*. at 623.

The government represented that it was prepared to submit videos clearly showing Moore's face and his "engaging in these combined gun and drug transactions," Arraignment Tr. 30, ECF No. 69, and "numerous CDs . . . video/audio recordings," and "telephone calls that led up to that sort of thing." Guilty Plea Hr'g Tr. 18, ECF No. 66. Moore has not shown the likelihood that no reasonable juror would have convicted him on the § 922(g)(1) charge, especially considering the government's evidence that he made these gun sales and knew he was a felon. The motion fails to demonstrate Moore's actual innocence.

Moore relies on *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted,* No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), holding that a district court's failure to inform the defendant of the *Rehaif* knowledge element at a change-of-plea hearing was a "structural error," that satisfied the need for review for prejudice. But *Gary* involved a direct appeal rather than a collateral review and in accord with other district judges in this circuit, I find that it is inapplicable. *United States v. Claytor*, No. 7:15CR00070, 2021 WL 62272, at *5 (W.D. Va. Jan. 7, 2021) (citing cases).

### III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

-7-

                    DATED:   January 29, 2021

                    /s/  JAMES P. JONES
                    United States District Judge