CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 19 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:12CR00030 |
| v.                              ) | **OPINION AND ORDER** |
| ) | |
| **PARNELL L. MOORE,**            ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.                ) | |

*Ronald M. Huber*, Assistant United States Attorney, Charlottesville, Virginia, for United States; *Lisa M. Lorish*, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the defendant, the motion will be granted. The defendant's previously imposed sentence of imprisonment will be reduced to 180 months.

I.

Parnell L. Moore was sentenced by this court at age 23 to 420 months (35 years) in prison for selling a small amount of cocaine base and firearms to a confidential informant. He seeks a reduction in his sentence for two extraordinary and compelling reasons pursuant to § 3582(c)(1)(A)(i). First, he argues that his

"stacked" consecutive sentences under 18 U.S.C. § 924(c) create an unjust disparity and would not be imposed under the statute today. Second, he claims that his sentence ought to be reduced because of his mental impairment and youth at the time of the offense.

Moore pleaded guilty without the benefit of a plea agreement to an eight-count superseding indictment stemming from a series of controlled purchases. Specifically, Moore pleaded guilty to three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One, Four, and Five), three counts of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Counts Two, Six, and Eight), and two counts of using and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Counts Three and Seven). During the sales related to these charges, Moore sold a total of 17.95 grams of cocaine base and three firearms.

The late District Judge Jackson L. Kiser sentenced Moore on July 26, 2013, to 420 months in prison (35 years), consisting of 60 months as Counts One, Two, Four, Five, Six, and Eight to run concurrently, followed by the then-mandatory minimum sentences for the § 924(c) charges of 60 months as to Count Three and 300 Months as to Count Seven, each to be served consecutively to all other counts. Moore's sentence was below the calculated sentencing guideline range of 84 to 105 months for Counts One, Two, Four, Five, Six and Eight. Judge Kiser found that a

sentence within that guidelines range, in addition to the mandatory minimum, would have been excessive considering that Moore's conduct was not "the most egregious" and that he "may function on a mildly mentally deficient level." Statement of Reasons 3, ECF No. 54.

Moore's direct appeal was unsuccessful, as was a later motion under 28 U.S.C. § 2255. Moore is now 32 years old and his current projected release date is January 10, 2044.

A.

First, Moore points out that his 360-month total sentence for the § 924(c) charges is far greater than what an offender might receive for that crime today. As noted, Moore was convicted of two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At the time, a second or successive violation of the statute resulted in a statutory mandatory consecutive minimum sentence of 25 years in prison. 18 U.S.C. § 924(c)(1)(C)(i) (2000). The defendant was so sentenced, although there had been no intervening conviction for the first violation of that statute. Prior to § 403 of the First Step Act, this stacking of § 924(c) violations in a single indictment was construed under the existing statute as permissible. *Deal v. United States*, 508 U.S. 129, 137 (1993).

The First Step Act of 2018 changed the rule of the *Deal* case by amending the statute. It provides that:

>    (a) IN GENERAL. — Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
>    (b) APPLICABILITY TO PENDING CASES. — This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018), amending 18 U.S.C. § 924(c)(1)(C).

Although I may not reduce Moore's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020), that when deciding compassionate release motions district courts may consider the severe length and disparateness of a defendant's sentence in light of the revision of sentence-stacking under § 924(c). A sentencing disparity no doubt exists in this case. Although Moore received 360 months (30 years) for the stacked § 924(c) charges, if sentenced today I would be required to impose no more than 120 months (10 years) for those charges. In other words, Moore received 20 more years in prison than what a defendant could receive for the same crimes today. I find that this is sufficient grounds for a reduction in sentence.

B.

Finally, I must look 18 U.S.C. § 3553(a) to determine whether a lower sentence would be appropriate. I must "reconsider[ ] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021). Based on Moore's history and characteristics, including his youth and mental impairment at the time of the charged conduct, I find that 180 months (15 years) in prison would be sufficient but not greater than necessary to provide just punishment, afford adequate deterrence, and promote respect for the law. This sentence would be sufficient to punish and deter someone like Moore who, because of his mental disability, is more likely to suffer "extra burdens" while incarcerated like violence, victimization, and manipulation.[1] Although Moore has committed minor offenses in the past, I find that the deterrence afforded by this prison term will provide sufficient protection to the public against such further crimes. Finally, the government argues that Moore has not been rehabilitated because he has committed insubordination (among other minor disciplinary infractions) and has not completed prison-offered coursework.

---

[1] Mirko Bagaric, *A Rational (Unapologetically Pragmatic) Approach to Dealing with the Irrational – the Sentencing of Offenders with Mental Disorders*, 29 Harv. Hum. Rts. J. 1, 43 (2016)

Resp. to Mot. 11, ECF No. 88. But this could be a result of his mental impairment rather than indicia of failed rehabilitation.[2] Because I find that 180 months in prison would be sufficient to meet the goals of § 3553(a), I will reduce Moore's term of imprisonment to that length.

II.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion for Reduction in Term of Imprisonment, ECF No. 86, is GRANTED in part;

2. The defendant's sentence is hereby reduced to a total term of 180 months, <u>but not less than time served</u>, consisting of 60 months on Counts One, Two, Four, Five, Six, and Eight to run concurrently with each other, and 120 months on each of Counts Three and Seven to be served concurrently with each other and consecutively to all other counts. The remaining provisions of the amended judgment entered August 6, 2013, ECF No. 53, shall remain in effect, including the length and conditions of the supervised release imposed.

---

[2] "Prisoners with mental health problems are also less adept at coping with the stressors of prison conditions and, hence, breach prison rules more regularly than other prisoners. This phenomenon results in their being subjected to disciplinary procedures in prison. . . ." Bagaric, *supra* at 43 (citing data contained in Jamie Fellner, *A Corrections Quandary: Mental Illness and Prison Rules*, 41 Harv. C.R.-C.L. L. Rev. 391, 396 (2006)).

    3.  The Clerk shall provide the Probation Office with a copy of this Opinion and Order and the Probation office shall transmit a copy to the Bureau of Prisons.

    ENTER:   August 19, 2021

    /s/  JAMES P. JONES
    United States District Judge